IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:12CR52(15) LG-RHW
 CIVIL NO. 1:14CV8-LG

SHAUN GERMELLE WASHINGTON

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [528] of the Defendant, Shaun Germelle Washington, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Additionally, Washington filed a motion styled Motion to Proceed In Forma Pauperis, but it is actually a re-submission of his motion for a copy of the plea agreement and sentencing transcript that was denied by An order dated November 21, 2013. (ECF No. 521). After review of the motions, the Court finds that Washington's § 2255 motion should be denied without a hearing. Because his grounds for § 2255 relief are not cognizable, his motion for a copy of the plea agreement and sentencing transcript, requested to assist in his § 2255 motion, will be denied.

### DISCUSSION

Washington was one of a number of defendants charged in this drug conspiracy case. He was charged with seven felony counts and agreed to plead guilty to one count pursuant to a written Plea Agreement with the government. In paragraph seven of the Plea Agreement, Washington agreed to waive his right to appeal his sentence or to attack his sentence collaterally under Title 28 U.S.C. §

2255.

Washington brings this motion under § 2255, notwithstanding his agreement not to do so, to vacate or set aside his sentence, claiming that the Court erroneously applied a two point enhancement under the Sentencing Guidelines for possession of a firearm during the commission of the crime. He argues that the Court's stated rationale for applying the two point enhancement – because Washington frequently visited the residence where the gun was found – was in error, because the government did not establish that the residence was also where he distributed or possessed drugs.[1]

Washington has waived his right to file claims by way of this § 2255 motion. *United States v. Wilkes,* 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). He stated to this Court under oath that he understood the charges against him, that he understood the maximum penalty, that he understood this court was not bound by any recommendation for sentencing submitted by the United States, and that he was satisfied with the performance of his attorney. A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v.. Lampaziane,* 251 F.3d 519, 524 (5th Cir. 2001); *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v.*

---

[1] It should be noted that prior to sentencing, Washington's counsel objected to the two point enhancement on the grounds that Washington did not own, have control over, or possess the gun. Thus, the Court has already considered and rejected Washington's argument.

*Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002).

Even if Washington had not waived his right to file a § 2255 motion, he has not presented valid grounds for post-conviction relief. Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir.1999). The manner in which the Court employs the criteria of the Sentencing Guidelines to determine a sentence implicates no constitutional issues. *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir.1994). *See also United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994) (A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255).

A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992). Washington's motion shows conclusively that he is entitled to no relief.

Accordingly, the motion will be denied without a hearing.

CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order adverse to a petitioner unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, Washington may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As to claims rejected on procedural grounds only, Washington may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court finds that Washington cannot satisfy the *Slack* criteria, and a COA will not issue in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [528] of the Defendant, Shaun Germelle Washington, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DENIED**. A certificate of appealability from this decision is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the "Motion to

Proceed In Forma Pauperis" is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23${}^{\text{nd}}$ day of January, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
